UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEP-CO, INC. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:06CV747 CDP |
| | ) |
| REGENCY SAVINGS BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Defendant Regency Bank initiated foreclosure proceedings on an apartment property owned by plaintiff Kep-Co., Inc. Plaintiff Kimberly McClerking guaranteed the loan. McClerking and Kep-Co. filed suit to stop the foreclosure, and ultimately the loan was paid off. Plaintiffs now claim that Regency engaged in racial discrimination in violation of the Fair Housing Act in its handling of the loan. Plaintiffs also bring a breach of contract count, although, as discussed in more detail later in this order, this claim is not at all clear. Regency has filed a counterclaim seeking legal fees and costs under the terms of the Note and Deed of Trust.

Plaintiffs have moved to dismiss Regency's counterclaim for legal fees and costs. Regency seeks judgment on the pleadings with respect to plaintiffs' breach of contract claim, and enforcement of the waiver of right to jury trial that was

contained in the loan documents.  I conclude that Regency's counterclaim states a claim and should not be dismissed.  I also agree with defendants that Missouri's voluntary payment doctrine bars any attempt by plaintiffs to recover amounts they paid on the contract, but I cannot tell if that is what they are seeking in their breach of contract claim.  I will not dismiss the count at this time, but will instead require plaintiffs to amend the count or face dismissal.  Finally, I conclude that the waiver of jury trial covers both the contract and the Fair Housing Act claim.  This case was previously set for jury trial on the July 9, 2007 docket; it will remain on that same docket but will be a bench trial.

## Background

Plaintiff Kimberly McClerking is African-American and the president of plaintiff Kep-Co, Inc., a corporation that owns an apartment complex located at 4512 Westminster in the City of St. Louis, Missouri.  Regency Savings Bank, also known as Park National Bank, purchased the Note and Deed of Trust from another bank that had originally issued a loan to Kep-Co for the purchase of the property.  After the loan went into default, defendants issued a notice of foreclosure.  Plaintiffs filed suit in the City of St. Louis for a Temporary Restraining Order to halt the foreclosure.  Ultimately plaintiffs paid off the loan and the state court denied the motion for temporary restraining order as moot.  Plaintiffs then

amended their complaint to add a claim for violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and defendants removed the case to this Court.[1]

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P.[2] The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the court must assume the factual allegations of a complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. Parnes v. Gateway

---

[1] An additional defendant, First Bank of Oak Park, was voluntarily dismissed by plaintiffs in October of 2005 while the case was pending in state court.

[2] Regency states that Kep-Co's motion to dismiss should be construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because plaintiffs have already answered the counterclaim. I agree. But the same standard will be employed as that used had the motion been brought under Rule 12(b)(6). St. Paul Ramsey County Medical Center v. Pennington County, S.D., 857 F.2d 1185, 1187-88 (8th Cir. 1988).

2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether it is entitled to present evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court should grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### A. **Plaintiffs' Motion to Dismiss Regency's Counterclaim**

Plaintiffs seek dismissal of Regency's counterclaim, arguing that because the Note has been paid in full, the attorneys fee provision cannot support a claim for breach of contract. They also argue that Regency's counterclaim is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a), and should be dismissed as untimely.

The counterclaim alleges that the terms and conditions of the Note and Deed of Trust for the Property allow for Regency to recoup legal fees and costs incurred in collecting under those agreements. Plaintiffs' argument that the contract provides no basis for relief because it has been paid off is inconsistent with their own claim for breach of the same contract. Plaintiffs cannot have it both ways: the contract between the parties cannot exist for plaintiffs' purposes and not exist for Regency's. The circumstances under which fees and costs are recoverable, and whether those circumstances are met here, remains to be seen. But assuming

Regency's allegations are true and liberally construing them, as I must under the deferential standard, I find that Regency has sufficiently stated a claim for relief.

Plaintiffs also assert that Regency's counterclaim should be dismissed as an untimely compulsory counterclaim under Federal Rule of Civil Procedure 13(a). Even assuming the counterclaim is compulsory, that does not provide a reason to dismiss it. It is, after all, being brought in this case. Compulsory counterclaims must be raised in a suit arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a). See Southern Const. Co. v. Pickard, 371 U.S. 57, 60 (1962) (Rule 13(a) was "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."). Regency's counterclaim was filed within the deadline for amendment of pleadings, and it is not untimely. There is no basis for dismissal of the counterclaim.

### B. Defendant's Motion for Judgment on the Pleadings on Plaintiffs' Breach of Contract Claim

Regency argues that plaintiffs' breach of contract claim is barred by Missouri's voluntary payment doctrine. Under this doctrine, payments made voluntarily and with full knowledge of the facts cannot subsequently be recovered. American Motorists Ins. Co. v. Shrock, 447 S.W.2d 809, 812 (Mo. Ct. App. 1969). According to the Missouri Supreme Court, "a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and

duress, cannot recover it back, though the payment is made without a sufficient consideration, and under protest." Ferguson v. Butler County, 247 S.W. 795, 796 (Mo. 1923). The plaintiffs admit that the loan has been paid off in full. Regency asserts that this payment of the loan, made with complete knowledge of all facts and allegations brought in the complaint, bars plaintiffs from recovering any sums paid in satisfaction of the commercial loan under the voluntary payment doctrine, and I agree. The contract count here is so vague and confusing, however, that I cannot tell if it may be seeking some kind of relief, on some kind of theory, that is not barred by that doctrine.

Plaintiffs filed the breach of contract claim before they paid off the note. The count alleges that the bank refused to accept tendered payments, refused to provide a payoff balance, wrongfully informed tenants of the foreclosure, charged excessive fees, failed to credit certain things properly, failed to reimburse plaintiffs for repairs, improperly applied prepayment penalties to the loan, and inflated the cost of the loan by using lawyers for things the bank employees should have done. It alleges that these things are breaches of the contract and that they have caused injury to plaintiffs' "credit rating and the possible loss of the equity in the property exceeding $200,000." It prays for damages "exceeding $200,000," for reformation of the contract, and for additional damages "due to [defendants'] racially motivated intent to injure the plaintiffs."

Plaintiffs admit to having paid off the Note. Their brief in response to the motion to dismiss does not address the voluntary payment doctrine at all, but instead argues that their complaint states a claim. They have not addressed how they can collect extra-contractual damages on a breach of contract theory, and they have not addressed at all how their allegations are affected by the repayment of the loan.

Under the voluntary payment doctrine, it does not matter that a payment was made under protest or compulsion. Ferguson, 247 S.W. at 796. When a disputed amount is paid in full the right to recover part or all of that payment is extinguished. The only exceptions are those of mistake or duress, neither of which has been alleged here. Plaintiffs fail to argue that the doctrine does not apply, nor have they explained how they could obtain contract damages, extra-contractual damages, or reformation of a contract that has already been completed. I have not found any Missouri law that would provide an exception to the application of the voluntary payment doctrine in this context. Plaintiffs' real argument seems to be that before they paid off the loan, defendants acted unreasonably and discriminated against them on the basis of McClerking's race. This is the essence of their Fair Housing Act claim, and that claim is not the subject of the motion to dismiss. I will not dismiss the contract count on this record, however, because it makes allegations that – theoretically – might not be affected by the voluntary

payment doctrine. It also makes allegations – such as that plaintiffs' equity is threatened – that are impossible to prove, given the repayment of the loan. I will therefore order plaintiffs to replead their contract claim – if they can legitimately and in good faith do so in light of the changed circumstances. Otherwise, I will dismiss the contract claim.

C. **Waiver of Jury Trial**

In paragraph 41 of the Deed of Trust, Kep-Co[3] waived its right to a jury trial:

> WAIVER OF JURY TRIAL. The Borrower (each for himself if more than one): (a) covenant and agree not to elect a trial by jury with respect to any issue arising under any of the Loan Documents triable by a jury and (b) waive any right to trial by jury to the extent that any such right shall now or hereafter exist.

Plaintiff McClerking executed a similar waiver in paragraph 6(f) of the personal guarantee agreement which she signed as a guarantor of Kep-Co's loan:

> GUARANTOR WAIVES ALL RIGHT TO TRIAL BY JURY OF ALL CLAIMS, DEFENSES, COUNTERCLAIMS AND SUITS OF ANY KIND ARISING FROM OR RELATING TO THIS GUARANTY.

Plaintiffs argue that these waivers have no effect because the loan amount was paid in full and a Full Deed of Release was issued by Regency. Plaintiffs assert that the racial discrimination claim is based on the course of dealings between

---

[3] The Deed of Trust for the Property was issued to plaintiff Kep-Co, Inc. as the borrower, and signed by plaintiff Kimberly McClerking in her capacity as the president of the corporation.

plaintiffs and Regency and that it is not an "issue arising under any of the loan documents." Plaintiffs do not cite any cases in support of these arguments.

Plaintiffs make three general allegations of race discrimination in their amended complaint:

> 52. It is Plaintiffs' belief that Defendant Regency's refusal to accept Plaintiffs' loan payment, Defendant Regency's holding of the payment for sixteen days, and their refusal to apply amounts out of The Loan's repair reserve, as Plaintiffs requested, (an action that would have brought The Loan current) were all actions taken by Defendant Regency on account of Plaintiff Kimberly McClerking's race.
> ...
>
> 56. It is Plaintiffs' belief that Defendants decision to foreclose on the KepCo property was an action taken on account of the race of Patty McClerking[4] and Plaintiff Kimberly McClerking.
>
> 57. It is Plaintiff's belief that Defendants' attempt to deny the equity held by the Plaintiffs is racially motivated in that they give preference to borrowers who are not African-American while they deny those same preferences to the Plaintiffs.

The right to a jury trial may be waived by contract, provided waiver is knowingly and voluntarily made. Malan Realty Investors, Inc. v. Harris, 953 S.W.2d 624 (Mo. 1997). Plaintiffs do not dispute that the waivers were knowingly and voluntarily signed. They cannot dispute that the waivers apply to their breach of contract claim – assuming that they actually have such a claim. Instead they

---

[4] Patty McClerking was a tenant at the Property and a relative of plaintiff Kimberly McClerking. She is also African-American.

argue that their claims of racial discrimination under the Fair Housing Act do not arise from or under the terms of the loan documents.

Generally, in order to establish a prima facie case for racial discrimination under the FHA, a plaintiff must demonstrate that (1) she was a member of a protected class, (2) she applied for and was qualified for a loan with the Bank, (3) the loan was rejected despite her qualifications, and (4) the Bank continued to approve loans for applicants with similar qualifications. <u>Rowe v. Union Planters Bank of Southeast Missouri</u>, 289 F.3d 533, 535 (8th Cir. 2002). However, in this case, plaintiffs were not denied a loan with the defendant Bank; instead they allege disparate treatment by defendants.

The elements of a prima facie case under plaintiffs' theory are not clear, but could include a requirement that plaintiffs show that (1) they are members of a protected class, (2) they followed the terms and conditions of the loan agreements, (3) defendants foreclosed on the Property despite plaintiffs' adherence to the terms of the agreements, and (4) defendants do not foreclose on non-African American borrowers who comply with all terms and conditions of their loans. Alternatively, plaintiffs might be able to make a prima facie case by showing that although they did not comply with the terms of the agreement, defendants did not enforce those terms against similarly situated non-African American borrowers. In order to

make these determinations, the trier of fact will be required to analyze the loan documents.

There is no doubt that a ruling on this claim will require evaluation of the loan documents. This claim thus does arise under the loan agreements, and therefore it falls within the scope of the jury trial waiver. I will strike the jury demand and this case will be tried to the court, without a jury.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to dismiss counterclaim [#35] is denied.

**IT IS FURTHER ORDERED** that defendant Regency Savings Bank's motion for judgment on the pleadings [#38] is denied, but plaintiffs are ordered to file an amended breach of contract count no later than **March 8, 2007**. If they do not file an amended claim that shows it is not barred by the voluntary payment doctrine, then I will dismiss the breach of contract count.

**IT IS FINALLY ORDERED** that defendant Regency's motion to enforce waiver of jury trial [#39] is granted. This case remains set for trial on July 9, 2007, but it will be a non-jury trial. Instead of filing proposed jury instructions as previously ordered, the parties must include in their pretrial submissions (due twenty days before trial) proposed findings of fact and conclusions of law.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2007.