UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEP-CO, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:06CV747 CDP |
| | ) |
| PARK NATIONAL BANK, N.A., | ) |
| F/K/A REGENCY SAVINGS | ) |
| BANK, F.S.B., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

Counsel Anthony G. Tumminello has moved for "reconsideration" of the February 15, 2008 default judgment entered against plaintiff Kep-Co, Inc. on defendant's counter-claim. Because I find no legitimate reason for setting aside the judgment, I will deny counsel's motion. In light of certain facts that have been brought to the Court's attention, however, I feel that a brief discussion of Mr. Tumminello's conduct in this matter is appropriate.

Plaintiffs in this case were Kimberly McClerking and Kep-Co, Inc. Both plaintiffs were represented by Anthony G. Tumminello and John D. Reinsel. Plaintiffs' complaint contained three counts alleging breach of contract and racial discrimination in financing. Defendant Park National Bank later filed a counter-claim against Kep-Co only, seeking to recover attorney fees.

In April 2007, Tumminello and Reinsel notified the Court that plaintiff Kimberly McClerking had filed for bankruptcy, and sought to withdraw as counsel for her. I granted that motion and administratively closed the case because of the bankruptcy. In August of 2007, defendants asked that the case be reopened, having obtained relief from the automatic stay in bankruptcy. I reopened the case and asked Tumminello and/or Reinsel, who were still counsel of record for Kep-Co, whether they intended to also represent Ms. McClerking in the reopened matter. Each attorney then filed a response. Reinsel said he was no longer associated with Tumminello, and that he had intended to withdraw for Kep-Co at the same time he withdrew for McClerking. Tumminello filed a response that was essentially the same. Each counsel asked the Court to allow them to withdraw from representing Kep-Co and to give Kep-Co a period of time to find substitute representation.

Because Kep-Co is a corporation and cannot represent itself, I set a hearing to discuss Kep-Co's representation. The order setting the hearing required Ms. McClerking and either Mr. Tumminello or Mr. Reinsel to appear. The order also explained that if Kep-Co did not have counsel the Court would most likely strike its pleadings and enter default judgment on defendant's counter-claim.

Ms. McClerking chose not to attend the hearing, despite my order that she do so. Instead she filed a document entitled "Dismissal without prejudice of

Count III of Plaintiff's Petition." She also sent me a letter, stating that she could not afford to go ahead with the lawsuit.[1] Mr. Tumminello did appear at the hearing, however, and explained that Ms. McClerking did not attend because she was concerned about taking the time off work. He told me that he was not getting paid by his client, and that he had explained to Ms. McClerking that she could not appear for Kep-Co and needed to get an attorney. Mr. Tumminello represented to the Court that Kep-Co was a company consisting of McClerking, her husband, and her brother, and he sought to withdraw because he was not getting paid. He also stated that McClerking was president of the corporation. Mr. Tumminello acknowledged that, although he was seeking to withdraw, the corporation needed to be represented by counsel going forward, and the Court needed some way to notify the corporation about the status of its case. Mr. Tumminello told the Court he had explained all of this to McClerking, and he provided the Court with McClerking's home address to send any future orders relating to the case. At the end of the hearing, Mr. Tumminello was permitted to withdraw.

The Court received no further communication from Mr. Tumminello, McClerking, or Kep-Co. On November 30, 2007, I issued an order directing McClerking to obtain counsel for Kep-Co. That order was ignored. On January

---

[1] I only recently realized that this letter was not filed in the court file. I will order it filed now, so the record will be complete.

17, 2008, I dismissed the remaining counts of the complaint, and requested defendants to file a motion for default judgment on their counter-claim. That order was also ignored by plaintiffs and plaintiffs' counsel. Defendants moved to strike Kep-Co's pleadings and for default judgment, and I entered judgment on February 15, 2008.

Mr. Tumminello now seeks to set aside the judgment, claiming that he is appearing "specially" for Kep-Co and that he is appearing as "Pro Se for Intervenor." The caption indicates that the "intervenor" to whom he refers is Westminster Condominiums, LLC, although there has been no request for intervention in this closed case. Instead, he asks that the Court "reconsider" the judgment entered previously, which he characterizes as an award of attorneys fees. The filing also states that neither the defendant nor the Court sent appropriate notice to McClerking and Kep-Co, even though both the Court and defendant have, at all times used the addresses provided by Mr. Tumminello himself. Mr. Tumminello claims that he received copies of the orders, but forwarded them on to McClerking without opening them.

Defendants filed a response, which pointed out that Mr. Tumminello is actually the registered agent for Kep-Co. Mr. Tumminello is not merely the corporation's attorney. Rather, he is listed in filings with the Missouri Secretary of State as Kep-Co's president and secretary, as well as its sole board member.

Given these facts, Mr. Tumminello's conduct at the November 8th hearing is troubling. Mr. Tumminello never mentioned his status in relation to Kep-Co, and told the Court that it was McClerking, and not he, who needed notice of the proceedings against Kep-Co. Mr. Tumminello was aware that Kep-Co needed counsel, and he knew the company was risking a default judgment by failing to obtain representation. As counsel to Kep-Co, Mr. Tumminello received copies of all of the court orders relating to this case. But he claims he failed even to open the mail addressed to the company for which he was the registered agent. If Mr. Tumminello concealed his relationship with Kep-Co because he thought he would not be permitted to withdraw, he is right. I most likely would not have allowed him to withdraw had I known he was an officer of the company. I certainly would have questioned his statement that he wanted to withdraw because his legal fees were not being paid.

In any event, for Mr. Tumminello to claim that Kep-Co did not have adequate notice of these proceedings is disingenuous at best. His conduct before this Court has been disturbing, and his motion to reconsider the entry of default judgment will be denied. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#73] for reconsideration of award of attorney fees is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file and docket the November 5, 2007 letter from Kimberly McClerking.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2008.